UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HEIDI LOCKWOOD,                           No. 05-11106

                                 Debtor(s).
_____/

HEIDI LOCKWOOD,

                                 Plaintiff(s),

           v.                                 A.P. No. 05-1084

EDUCATIONAL CREDIT MANAGEMENT
 CORPORATION,

                                 Defendant(s).
_____/

Memorandum of Decision After Trial
_____

     Debtor Heidi Lockwood is 67 years old. She suffers from panic attacks, depression, severe problems with her hands, and other disorders and ailments. She has been adjudged disabled by the Social Security Administration; her only income is her Social Security benefits and income from a small trust fund, totaling only about $800.00 per month. In this adversary proceeding, she seeks a determination that her educational loans are nondischargeable on account of undue hardship pursuant to § 523(a)(8) of the Bankruptcy Code.

1

The three-part *Brunner* test is made applicable to courts in this circuit by *In re Pena,* 155 F.3d 1108, 1111 (9th Cir. 1998). Under that test, ""undue hardship"" exists if the debtor makes a three-pronged showing: that the debtor cannot maintain a minimal standard of living if forced to repay the loans, that additional circumstances make this state of affairs likely to persist for a significant portion of the repayment period, and that the debtor has made a good faith effort to repay the loans.

This court has long been spitting into the wind by trying to point out that the *Brunner* test gives no real guidance as to when a court should find undue hardship. Application of the first two prongs of the test has led to results ranging from the liberal (*In re Cheesman,* 25 F.3d 356 (6th Cir. 1994)*; In re Patterson*, 251 B.R. 866 (Bankr.N.D.Cal. 2000)) to the compassionate (*In re Pena*, supra) to the strict (*In re Nascimento*, 241 B.R. 440 (9th Cir. BAP 1999)) to the draconian (*In re Brightful*, 267 F.3d 324 (3rd Cir. 2001). Nonetheless, Lockwood meets these prongs of the test under anyone's interpretation. She has no ability to pay any of the loans in question, now or in the foreseeable future. Coupled with her disabilities, it is clear that the student loans in question ought to be discharged whatever standard is applied.[1] Defendant ECMC more or less concedes this, but argues that Lockwood should forever be saddled with her student loan obligations because she is guilty of bad faith under the third prong of the *Brunner* test.

The third prong of the Brunner test is its worst part. Section 523(a)(8) of the Code speaks to hardship, with no mention of a good faith requirement. Congress clearly knows how to insert a good faith provision in the law when it desires one; see, e.g., § 348(f)(2), § 1129(a)(3), § 1325(a)(3), among many examples. Courts ought not imply a term if Congress has used it in some circumstances but not others. *In re Westside Print Works, Inc.,* 180 B.R. 557, 564 (9th Cir. BAP 1995). Nonetheless, it is the law in this circuit and the court must address it.

In this case, Lockwood incurred the student loans in question trying to increase her income and

---

[1] The argument that the court cannot base a finding of hardship on any condition which may have existed before the student loans were taken out was rejected in *In re Mason,* 315 B.R. 554, 560-62 (9th Cir. BAP 2004).

2

better her life. She obtained her advanced degree in 2004. She was thereafter able to find only two jobs, one of which lasted only a few days and one which lasted a few months. ECMC argues that Lockwood fails the third prong of the test because she never made any payments and because she consolidated the loans after graduation.

The court finds the consolidation of the loans is evidence of good faith, not bad faith. The evidence was clear that Lockwood sought consolidation as a preliminary step to paying them, just as she had fully repaid student loans she owed in an earlier part of her life.

Moreover, the third prong of the test has not been interpreted as rigidly requiring actual payments. A debtor's good faith effort to repay student loan, for purposes of undue hardship discharge, is measured by her efforts to obtain employment, maximize income and minimize expenses, and by inquiring whether debtor is culpable for causing her own poor financial condition. *In re Birrane,* 287 B.R. 490, 499 (9th Cir. BAP 2002).

In this case, Lockwood was unable to maintain employment long enough to begin paying her student loans. She tried hard, but her age and disabilities made repayment impossible. Her income places her at the poverty line. She has had no ability to repay the loans, and negotiations for partial repayment would have been pointless because she has no excess income whatsoever and no future prospects. The court accordingly finds that she has met the third prong of the test.

For the foregoing reasons, the student loans will be discharged. This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Lockwood shall submit an appropriate form of judgment forthwith.

Dated: May 10, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge